NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILSON ILAINE; ANGEL PATRICIO ILAINE-LENEVIL; DARLINE LENEVIL, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3579 <br><br> Agency Nos. <br> A220-653-563 <br> A208-561-210 <br> A208-561-211 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2025[**]
San Francisco, California

Before: WARDLAW, BEA, and LEE, Circuit Judges.

Petitioners Wilson Ilaine, Darline Lenevil, and their minor child, A-P-I-L-,

petition for review of a Board of Immigration Appeals ("BIA") decision dismissing

their appeal from an Immigration Judge ("IJ") order denying Petitioner Ilaine's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal and protection pursuant to the Convention Against Torture ("CAT").[1]  Because the parties are familiar with the facts, we do not recount them here.  We deny the petition for review.

We have jurisdiction to review final orders issued by the BIA pursuant to 8 U.S.C. § 1252.  The BIA has jurisdiction of appeals from removal proceedings pursuant to 8 C.F.R. § 1003.1(b).

Where "the BIA agrees with the IJ's reasoning, we review both decisions." *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) (citation omitted).  "The BIA's interpretation of legal questions is reviewed de novo."  *Id*.  We review for substantial evidence the "factual findings underlying an IJ or BIA determination."  *Id*.  A "finding is not supported by substantial evidence" when "any reasonable adjudicator would be compelled to conclude to the contrary of the IJ or BIA based on the evidence in the record."  *Id*.

The determination of an asylum applicant's firm resettlement in a third country is a question of fact reviewed for substantial evidence.  *Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc).  Factual findings underlying

---

[1] Ilaine and Lenevil are citizens and natives of Haiti.  A-P-I-L- is a citizen and native of Chile.  Only Ilaine applied for asylum, withholding of removal and CAT protection.  Lenevil and A-P-I-L- are derivative beneficiaries of Ilaine's application for asylum as Ilaine's wife and child, respectively.  "Petitioners" refers to Ilaine, Lenevil, and A-P-I-L-.  "Petitioner" refers to Ilaine alone.

determinations for withholding of removal and CAT relief are also reviewed for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).

1. *Firm resettlement*. An applicant is ineligible for asylum if he was "firmly resettled" in another country prior to arrival in the United States. 8 U.S.C. § 1158(b)(2)(A)(vi); *see* 8 C.F.R. § 208.15 (defining firm resettlement).[2] The "firm resettlement" bar to asylum is "mandatory." *Maharaj*, 450 F.3d at 968. To establish firm resettlement, DHS must "make a threshold showing that the alien had an offer of some type of official status permitting him to reside in the third country indefinitely." *Id*. at 964. If the asylum applicant does not rebut this showing, then the burden shifts to the applicant to "establish that an exception to firm resettlement applies by a preponderance of the evidence." *Matter of A-G-G-*, 251 I. & N. Dec. 486, 503 (B.I.A. 2011).

Substantial evidence supports the Agency's decision that Petitioner and his family firmly resettled in Chile.[3] Petitioners do not dispute that DHS met its burden of adducing evidence of official recognition of Petitioner's right to stay in Chile, as

[2] In 2020, the Department of Homeland Security ("DHS") and Department of Justice issued a final rule affecting the firm resettlement bar and other regulations relevant here, but those regulations were (and remain) enjoined. *Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 512 F. Supp. 3d 966, 969, 975, 977 (N.D. Cal. 2021). Thus, we apply the versions of the regulations from before the 2020 updates.

[3] Where, as here, the BIA agrees with the reasoning of the IJ, we refer to the decision of the "Agency."

required for a finding of firm resettlement under 8 C.F.R. § 208.15. Indeed, at his removal hearing, Petitioner admitted that he received legal residency from Chile.

Substantial evidence also supports the Agency's determination that Petitioner failed to establish an exception to the firm resettlement bar. An asylum applicant qualifies for an exception to the firm resettlement bar if the applicant can prove that "the conditions of his or her residence in" the third country "were so substantially and consciously restricted by the authority of the country of refuge that he or she was not in fact resettled." 8 C.F.R. § 208.15(b). The only evidence of the restrictive conditions Petitioner experienced in Chile is his testimony regarding a few instances of discrimination and harassment by private actors, as well as two incidents that he heard about (but did not witness) involving Haitians in the community. Although these incidents that Petitioner experienced constituted inexcusable acts of discrimination, Petitioner fails to prove that his residence was restricted by Chile's *government*, as would be required for the exception to the firm resettlement bar to apply. *See* 8 C.F.R. § 208.15(b).

Because Petitioner's firm resettlement in Chile renders him ineligible for asylum, we need not reach the merits of Petitioners' asylum claim. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2. *Withholding of Removal*.  Notwithstanding a removal order, an alien may not be removed "if the Attorney General decides that the alien's life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  An alien may establish his eligibility for withholding of removal "(A) by establishing a presumption of fear of future persecution based on past persecution, or (B) through an independent showing of clear probability of future persecution."  *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010).  A "clear probability" of persecution means that it is "more likely than not" that a petitioner would be subject to persecution.  *Id*. (citation omitted).

Substantial evidence supports the Agency's denial of Petitioner's application for withholding of removal.  Here, Petitioner does not qualify for withholding of removal on the basis of past persecution, as the harm that Petitioner experienced—an *offer* of weapons and an injured finger—does not amount to persecution.  *See Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (describing persecution as an "extreme concept").

Substantial evidence also supports the Agency's determination that Petitioner failed to prove a clear probability of future persecution.  Petitioner's arguments regarding his future persecution rest on his speculation regarding the identity of the intruders at the election office and his assumption that they would persecute him on

the basis of his political opinion were he to return to Haiti. Petitioner, however, admitted that he did not know the identity of the intruders at the election office. Additionally, Petitioner asserts that his cousin was murdered, but the record does not compel the conclusion that political actors were involved. Petitioner also testified that that he did not know of anyone in Haiti who was looking for him. Substantial evidence therefore supports the Agency's denial of withholding of removal.

3. *CAT Protection*. An alien may seek withholding of removal under the Convention Against Torture. 8 C.F.R. § 208.16(c). The alien bears the burden of proving that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1197 (9th Cir. 2023) (internal quotations and citation omitted).

Substantial evidence supports the Agency's denial of Petitioner's application for CAT protection. Petitioner provided no evidence that he had experienced past harm that amounted to torture. Moreover, the documentary evidence in the record, including evidence of country conditions, fails to demonstrate that Petitioner would be specifically targeted for torture. Although Petitioner argues that the IJ "fail[ed] to consider and give due weight to the evidence of country conditions in denying CAT relief," the IJ did consider the country conditions evidence, and Petitioner fails to describe in what way the IJ failed to give it "due weight." Additionally, the IJ considered both the death of Petitioner's cousin and the threats issued against

Petitioner, and nonetheless concluded that Petitioner had failed to show that it was more likely than not that he would be tortured were he to return to Haiti. The record does not compel a contrary conclusion.

4. *Due Process*. We cannot consider Petitioners' due process argument, as he did not raise it before the BIA and the Government asserts non-exhaustion. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**